**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AIREA 5150, Inc., an Arizona Corporation, | No. CV-05-1972-PHX-SMM |
| Plaintiffs, Counter-Defendant, | **MEMORANDUM OF DECISION & ORDER** |
| v. | |
| 5150 Customs; et al., | |
| Defendant, Counter-Claimant. | |

Pending before the Court are a Motion to set aside the Clerk's Entry of Default [Doc. No. 18], filed on October 7, 2005, by Defendant and Counter-Claimant, 5150 Customs, and a Motion for Default Judgment [Doc. No. 8] filed on August 12, 2005, by Plaintiff and Counter-Defendant, AIREA 5150, Inc., according to Federal Rules of Civil Procedure 55(b). After considering the arguments raised in the parties' briefs, the Court issues the following Memorandum of Decision and Order.

**BACKGROUND**

On July 1, 2005, Plaintiff filed a Complaint [Doc. No. 1] alleging trademark infringement by Defendant. On August 10, 2005, Plaintiff filed a Motion and supporting Affidavit for Entry of Default [Doc. No. 4 and 5] as to 5150 Customs' failure to timely Answer. On August 11, 2005, this Court issued an Order [Doc. No. 6] granting Plaintiff's Motion for Entry of Default and directing the Clerk to enter default against Defendant pursuant to Federal Rules of Civil Procedure 55(a). Plaintiff then filed a Motion for Default Judgment [Doc. No.

8] on August 12, 2005 and a subsequent Motion for Ruling regarding the Motion for Default Judgment [Doc. No. 12] on August 30, 2005. On September 8, 2005, this Court issued an Order [Doc. No. 13] denying Plaintiff's Motion for Ruling on its Motion for Default Judgment [Doc. No. 12] and granting Defendant thirty days to file a motion to set aside entry of default in accordance with Federal Rules of Civil Procedure 55(c). On October 7, 2005, Defendant filed a motion to Set Aside Entry of Default [Doc. No. 18].

**STANDARD OF REVIEW**

Upon entry of default, a district court may enter default judgment subject to the requirements and exceptions of Rule 55(b)(2). FED. R. CIV. P. 55 (b)(2). The district court also has the power to either set aside the entry of default "for good cause shown" or set aside a default judgment for various reasons, including "mistake, inadvertence or excusable neglect." FED. R. CIV. P. 55(c) and 60(b)(1). The Ninth Circuit treats both grounds for setting aside the same and thus "a showing of lack of culpability sufficient to meet the Rule 55(c) 'good cause' standard [for setting aside a default] is ordinarily sufficient to demonstrate as well the 'excusable neglect' or 'mistake' criteria under Rule 60(b)(1) [to set aside a judgment]." *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

**DISCUSSION**

The Ninth Circuit has set forth the following three factors for the Court to analyze in deciding whether to set aside entry of default: 1) "whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff." *TCI Group Life Insurance Plan*, 244 F.3d at 695. The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor setting aside the default. *Id.* The Ninth Circuit strongly emphasizes that entry of default judgment is "appropriate only in extreme circumstances" and that cases should, "whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The Ninth Circuit has also indicated that the "appropriate exercise of the district court's discretion requires that the finality interest should give way fairly readily to further the

competing interest in reaching the merits of a dispute." *TCI Group Life Insurance Plan*, 244 F.3d at 695.

Defendant, however, must still meet its burden of demonstrating that "good cause" exists that justifies the lifting of the entry of default under Rule 55(c). *Id.* at 696. While the Court acknowledges a factual dispute exists surrounding Plaintiff's service of Summons and Complaint upon Defendant, the Court finds that there is a strong preference that cases are determined on the merits and will now determine whether "good cause" exists to set aside an entry of default by applying the factors set forth above.

## A.     *Culpable Conduct*

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). In this procedural context, "intentional" failure to answer requires conduct that is "willful, devious, deliberate, or evidence of bad faith." *TCI Group Life Insurance Plan*, 244 F.3d at 697. Therefore, "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with the judicial decision making, or otherwise manipulate the legal process is not 'intentional' under our default cases and therefore not culpable." *Id.* Conversely, this Court typically holds that a defendant's conduct is culpable where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *Id.*

In the instant case, the Court finds that Plaintiff relied on a process server to provide proof of service. Defendants, however, have raised the possibility that the process server simply made a mistake during the July, 18, 2005 effort to serve Defendant.[1] Accordingly, based on the evidence before it, the Court finds insufficient evidence to conclude that Defendant's failure

---

[1] The Court notes that once service is challenged, Plaintiff bears the burden of establishing that service was valid under Rule 4 of the Federal Rules of Civil Procedure. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

1 to respond was willful, devious or motivated by bad faith.  Thus, the Court finds Defendant's
2 default was unintentional and excusable.

3 **B.  *Meritorious Defense***

4 Defendant "must [also] present specific facts that would constitute a defense." *TCI*
5 *Group Life Insurance Plan*, 244 F.3d at 700; *see Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)
6 (holding that the district court had not erred in declining to vacate default judgment when
7 defendant offered "mere general denial without facts to support it").  However, the burden on
8 a party seeking to set aside entry of default is not extraordinarily heavy. *Id.*

9 In the instant case, Defendant claims to hold a recognizable common law trademark
10 through first-in-time use of the disputed trademark and has also asserted affirmative defenses.
11 (Def.'s Reply in Support of Motion to Set Aside Default, p. 7.)  Accordingly, the Court finds
12 Defendant has alleged sufficient specific facts that would constitute a meritorious defense.

13 **C.  *Prejudice***

14 The final factor to be considered is whether setting aside the Entry of Default prejudices
15 Plaintiff. *TCI Group Life Insurance Plan*, 244 F.3d at 695.  To "be prejudicial, the setting aside
16 of a judgment must result in greater harm than simply delaying resolution of the case." *Id.*
17 Therefore "the standard is whether [plaintiff's] ability to pursue his claim will be hindered . . .
18 [resulting] in tangible harm such as loss of evidence, increased difficulties of discovery, or
19 greater opportunity for fraud or collusion." *Id.*  Plaintiff alleges setting aside Entry of Default
20 will bring tangible harm by allowing on-going use by Defendant of its infringing trademark,
21 thus allowing Defendant to dilute the value of Plaintiff's trademark.  (Pl.'s Response  to Def.'s
22 Motion to Set Aside Entry of Default, p. 8.)  Notably, Plaintiff has not put forth evidence that
23 setting aside the default will result in "loss of evidence, increased difficulties of discovery, or
24 greater opportunity for fraud or collusion." *TCI Group Life Insurance Plan*, 244 F.3d at 701.
25 While the Court recognizes that all parties have an interest in expedient litigation, the Court
26 finds that this interest, in and of itself, is insufficient to establish that setting aside the Entry of
27 Default will prejudice Plaintiff.

28 **CONCLUSION**

1    For the reasons set forth above,

2    **IT IS ORDERED** that Defendant's Motion to set aside Entry of Default [Doc. No. 18]
3 is **GRANTED**.

4    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [Doc. No.
5 8] is **DENIED**.

7    DATED this 1st day of February, 2006.

```
                    Stephen M. McNamee
                    Chief United States District Judge
```

- 5 -